Gail Lin Chung, Cal St. Bar. No. 212334
Jack A. Raisner[1]
René S. Roupinian[2]
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, California  94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
Email: gl@outtengolden.com
Email: rsr@outtengolden.com
Email: jar@outtengolden.com

*Attorneys for Plaintiff Joshua James Eaton Philips, on behalf of himself and all others similarly situated*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Joshua James Eaton Philips, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>Munchery, Inc.,<br><br>      Defendant. | CASE NO. _____ |

**CLASS ACTION COMPLAINT FOR
(1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.
AND (2) VIOLATION OF CALIFORNIA LABOR CODE § 1400 ET. SEQ.**

Plaintiff Joshua James Eaton Philips ("Plaintiff") alleges on his own behalf and the putative class of those similarly situated as follows:

---

[1] and [2] Not admitted to the Bar of the U.S. District Court N.D. Calif.  Applications for admission *pro hac vice* to be filed.

## NATURE OF THE ACTION

1. Until its sudden demise on January 21, 2019, Defendant operated an online food delivery service based in San Francisco. Plaintiff worked for Defendant until January 21, 2019, when Defendant abruptly ceased operations. Plaintiff, along with an estimated 250 other employees, were terminated without any written notice.

2. The Plaintiff brings this action on behalf of himself and the other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, the mass layoff or plant closing ordered by Defendant on or about January 21, 2019 and within thirty (30) days of that date, and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and the California Labor Code § 1400 *et. seq*. ("CAL-WARN Act").

3. Plaintiff and all similarly situated employees seek to recover 60 days' wages benefits, pursuant to 29 U.S.C. § 2104, from Defendant.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2104(a)(5).

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

6. The Court has jurisdiction over Defendant because they did business in this District and a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## THE PARTIES

***Plaintiff***

7. Plaintiff was employed by Defendant and worked at or reported to the Defendant's facility located at 200 Shaw Road, South San Francisco 94080 (the "Facility") until his termination on or about January 21, 2019.

8. Plaintiff was terminated without cause.

9. Plaintiff was terminated without 60 days' written notice.

10. On information and belief, an estimated 250 similarly situated former employees who worked at the Facility were also terminated on or about January 21, 2019 without cause and without 60 days' written notice.

### *Defendant*

11. Upon information and belief and at all relevant times, Defendant is a corporation organized and existing under the laws of the State of Delaware with headquarters in San Francisco.

12. Until on or about January 21, 2019, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to the Facility.

### WARN ACT CLASS ALLEGATIONS

13. Plaintiff brings this action individually and on behalf of all other similarly situated former employees of Defendant who worked at or reported to the Facility and were terminated without cause beginning on or about January 21, 2019 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant on that date, pursuant to 29 U.S.C. § 2104(a)(5).

14. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

15. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

16. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

17. There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

18. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) whether the Class Members were employees of the Defendant who worked at or reported to the Facility;

    (b) whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days' advance written notice; and

    (c) whether Defendant paid the Class members 60 days' wages and benefits as required by the WARN Act.

19. Plaintiff's claim is typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at or reported to the Facility and was terminated without cause on or about January 21, 2019, due to the mass layoff and/or plant closing ordered by Defendant.

20. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

21. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions

affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

22. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

23. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

**CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Labor Code § 1401**

25. Plaintiff brings the Second Claim for Relief for violation of Labor Code § 1401 on behalf of herself and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendant's Facility and were terminated without cause beginning on or about January 21, 2019 (the "CAL WARN Class")

26. The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

27. On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

28. On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

29. Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

    (a) whether the members of the CAL WARN Class were employees of the Defendant;

    (b) whether Defendant unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

    (c) whether Defendant unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act.

30. The California Class Plaintiff's claims are typical of those of the CAL WARN Class. The California Class Plaintiff, like other WARN Class members, worked at or reported to the Facility and was terminated on or about January 21, 2019, due to the terminations ordered by Defendant.

31.     The California Class Plaintiff will fairly and adequately protect the interests of the CAL WARN Class.  The California Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

32.     Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

33.     Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

34.     The California Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### Federal WARN Act, U.S.C. § 2101 et seq.

35.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

37. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

38. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

39. On or about January 21, 2019, and within 30 days thereafter, Defendant ordered a mass layoff and/or plant closing at the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

40. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as more than 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

41. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facility.

42. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

43. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days' advance written notice of their terminations.

44. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

45. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

46.     Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4) and the California Labor Code § 1402(a);

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G. Such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| DATED: January 25, 2019 | Respectfully submitted,<br><br>/s/ Gail Lin Chung<br>OUTTEN & GOLDEN LLP<br>Gail Lin Chung<br>Jack A. Raisner<br>René S. Roupinian<br>One California Street, Suite 1250<br>San Francisco, California 94111<br>Telephone: (415) 638-8800<br>Facsimile: (415) 638-8810<br>Email: gl@outtengolden.com<br>Email: rsr@outtengolden.com<br>Email: jar@outtengolden.com<br><br>*Attorneys for Plaintiff and the other similarly situated former employees* |