Gail Lin Chung, Cal St. Bar. No. 212334
Jack A. Raisner[1]
René S. Roupinian[2]
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, California  94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
Email: gl@outtengolden.com
Email: jar@outtengolden.com
Email: rsr@outtengolden.com

*Attorneys for Plaintiffs Joshua James Eaton Philips and Christina Brooks, on behalf of themselves and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Joshua James Eaton Philips and Christina Brooks, on behalf of themselves and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>Munchery, Inc.,<br><br>     Defendant. | CASE NO. 3:19-cv-00469-JSC |

**FIRST AMENDED CLASS ACTION COMPLAINT FOR
(1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.
AND (2) VIOLATION OF CALIFORNIA LABOR CODE § 1400 ET. SEQ.**

Plaintiffs Joshua James Eaton Philips and Christina Brooks ("Plaintiffs") allege on their own behalf and the putative class of those similarly situated as follows:

## NATURE OF THE ACTION

1.   Until its sudden demise on January 21, 2019, Defendant operated an online food delivery service based in San Francisco.  Plaintiffs worked for Defendant until January 21, 2019, when Defendant abruptly ceased operations. Plaintiffs, along with an estimated 250 other

---

[1] and [2] Not admitted to the Bar of the U.S. District Court N.D. Calif.  Applications for admission *pro hac vice* to be filed.

employees, were terminated without any written notice.

2. The Plaintiffs bring this action on behalf of themselves and the proposed class of similarly situated employees who worked for Defendant and who were terminated without cause in the mass layoff or plant closing ordered by Defendant on or about January 21, 2019 and within thirty (30) days of that date, and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and California Labor Code ("Lab. Code") § 1400 *et. seq*. ("Cal-WARN Act").

3. Plaintiffs seek to recover 60 days' wages benefits, pursuant to 29 U.S.C. § 2104 and Lab. Code § 1402, for themselves and the proposed class from Defendant.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2104(a)(5).

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

6. The Court has jurisdiction over Defendant because they did business in this District and a substantial part of the events giving rise to Plaintiffs' claim occurred in this District.

## THE PARTIES

*Plaintiffs*

7. Plaintiff Joshua James Eaton Philips was employed by Defendant and worked at, reported to, or received assignments from the Defendant's facility located at 200 Shaw Road, South San Francisco 94080 (the "Facility") until his termination on or about January 21, 2019.

8. Plaintiff Christina Brooks was employed by Defendant and worked at, reported to, or received assignments from the Defendant's facility located at 200 Shaw Road, South San Francisco 94080 (the "Facility") until her termination on or about January 21, 2019.

9. Plaintiffs were both terminated without cause.

10. Plaintiff were both terminated without 60 days' written notice.

11. On information and belief, the proposed class of approximately 250 employees worked at, reported to, or received assignments from the Facility and were also terminated by Defendant on or about January 21, 2019 without cause and without 60 days' written notice.

### *Defendant*

12. Upon information and belief and at all relevant times, Defendant is a Delaware corporation with headquarters located at 375 Alabama Street, San Francisco, California.

## WARN ACT CLASS ALLEGATIONS

13. Plaintiffs bring this action individually and on behalf of all other similarly situated former employees of Defendant who worked at, reported to, or received assignments from the Facility and were terminated without cause beginning on or about January 21, 2019 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at that time, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

14. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the control of Defendant.

15. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

16. On information and belief, the rate of pay and benefits Defendant paid to each Class Member at the time of termination is contained in the books and records of the Defendant.

17. There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

18.     There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a)     whether the Class Members were employees of the Defendant who worked at, reported to, or received assignments from the Facility;

(b)     whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days' advance written notice; and

(c)     whether Defendant paid the Class members 60 days' wages and benefits as required by the WARN Act.

19.     Plaintiffs' claims are typical of those of the WARN Class.  Plaintiffs, like other WARN Class members, worked at, reported to, or received assignments from the Facility and were terminated without cause on or about January 21, 2019, due to the mass layoff and/or plant closing ordered by Defendant.

20.     Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

21.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

22.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might

result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

23. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

**CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Lab. Code § 1401 et seq.**

25. Plaintiffs also bring a claim for Relief for violation of Lab. Code § 1401 on behalf of themselves and a class of similarly situated persons pursuant to Lab. Code § 1404 and Fed. R. Civ. P. Rule 23(a) and (b)(3), who worked at, reported to, or received assignments from Defendant's Facility and were terminated without cause beginning on or about January 21, 2019 (the "Cal-WARN Class").

26. The persons in the Cal-WARN Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

27. On information and belief, the identity of the members of the class and the recent residence address of each member of the Cal-WARN Class is contained in the books and records of Defendant.

28. On information and belief, the rate of pay and benefits that were being paid by Defendant to each member of the Cal-WARN Class at the time of his/her termination is contained in the books and records of Defendant.

29. Common questions of law and fact exist as to members of the Cal-WARN Class, including, but not limited to, the following:

(a) whether the members of the Cal-WARN Class were employees of the Defendant;

(b) whether Defendant unlawfully terminated the employment of the members of the Cal-WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the Cal-WARN Act; and

(c) whether Defendant unlawfully failed to pay the Cal-WARN Class members 60 days wages and benefits as required by the Cal-WARN Act.

30. The Plaintiffs' claims are typical of those of the Cal-WARN Class. The Plaintiffs, like other WARN Class members, worked at, reported to, or received assignments from the Facility and were terminated on or about January 21, 2019, due to the terminations ordered by Defendant.

31. The Plaintiffs will fairly and adequately protect the interests of the Cal-WARN Class. The Plaintiffs have retained counsel competent and experienced in complex class actions on behalf of employees, including the Cal-WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

32. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Cal-WARN Class predominate over any questions affecting only individual members of the Cal-WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of Cal-WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Cal-WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

33. Concentrating all the potential litigation concerning the Cal-WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the Cal-WARN Act rights of all the members of the Class.

34. The Plaintiffs intend to send notice to all members of the Cal-WARN Class to the extent required by Rule 23.

**FIRST CAUSE OF ACTION**
**VIOLATION OF FEDERAL WARN ACT, U.S.C. § 2101 *et seq.***

35. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

36. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

37. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

38. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

39. On or about January 21, 2019, and within 30 days thereafter, Defendant ordered a mass layoff and/or plant closing at the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

40. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as more than 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

41. Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facility.

42. Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

43. Defendant was required by the WARN Act to give Plaintiffs and the Class Members at least 60 days' advance written notice of their terminations.

44. Defendant failed to give Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

45. The Plaintiffs are, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

46. Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALFORNIA LAB. CODE, § 1400 *et. seq*.**

47. Plaintiffs reallege and incorporates by reference all allegations in all proceeding paragraphs.

48. Plaintiffs bring the Second Claim for Relief for violation of Lab. Code § 1401 on behalf of themselves and a class of similarly situated persons pursuant to Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b), who worked at, reported to, or received assignments from the Facility and were terminated without cause on or about January 21, 2019 and thereafter (the "CAL-WARN Class").

49. Pursuant to Lab. Code § 1400(b), "'[e]mployer' means any person . . . who directly or indirectly owns and operates a covered establishment. A parent corporation is an employer as to any covered establishment directly owned and operated by its corporate subsidiary." Upon information and belief, Defendant is the employer of the Cal-WARN Class as that term is defined by Lab. Code § 1400(b) because they directly or indirectly owned and operated at least one covered establishment.

50. Defendant violated Cal-WARN by terminating Plaintiffs' employment and the employment of other similarly situated employees pursuant to a "mass layoff," "relocation" or "termination" as defined in Lab. Code § 1400 on or about January 21, 2019 or thereafter, without giving written notice at least 60 days before the order took effect to: (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

51. As a result of Defendant's violation of Lab. Code § 1401, Plaintiffs and the other similarly situated employees are entitled to 60 days of back pay under Lab. Code § 1402(a-b).

52. Plaintiffs have incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Lab. Code § 1404.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and Lab. Code § 1404, Plaintiffs and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiffs and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4) and the California Lab. Code § 1402;

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and Lab. Code § 1404; and

G. Such other and further relief as this Court may deem just and proper.

DATED: February 11, 2019                Respectfully submitted,

/s/ Gail Lin Chung
OUTTEN & GOLDEN LLP
Gail Lin Chung
Jack A. Raisner (*pro hac vice forthcoming*)
René S. Roupinian (*pro hac vice forthcoming*)
One California Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: gl@outtengolden.com
Email: jar@outtengolden.com
Email: rsr@outtengolden.com

*Attorneys for Plaintiffs and the other similarly situated former employees*