UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JAMES EATON PHILIPS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MUNCHERY INC., <br><br> Defendant. | Case No. 19-cv-00469-JSC <br><br> **ORDER RE: PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Dkt. No. 58 |

Plaintiffs Joshua James Eaton Phillips and Christina Brooks bring this putative class action under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101(a)(2), and its California state law counterpart, California Labor Code §§ 1400 *et seq.* ("CAL-WARN") (together, "WARN Acts"), against their former employer, Defendant Munchery, Inc. ("Munchery"). Plaintiffs allege that Munchery failed to provide its employees with written notice 60 days prior to their termination, as required under the WARN Acts. In February 2020, the parties reached a settlement of Plaintiffs' claims. Thereafter, the parties filed a joint motion for preliminary approval of the class action settlement.[1] (Dkt. No. 54.) At the hearing on motion for preliminary approval, the Court raised a number of concerns with the settlement and denied preliminary approval without prejudice to a renewed filing addressing the Court's concerns. (Dkt. No. 57.) Plaintiffs have since filed a supplemental declaration which addresses many of the Court's concerns and a revised form of notice. (Dkt. No. 58.) The Court still has concerns regarding the notice and pro rata share calculation as set forth below.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 & 28.)

1. The formatting of the notice is still confusing. It should not be on pleading paper and it fails to explain the settlement and claims administration/opt-opt process in plain English. As the Court suggested at the hearing, Plaintiffs should review the notices in other cases where the Court has granted preliminary approval, including for example, *Chen v. Chase*, No. 19-1082 JSC, Dkt. No. 43-1 at 54.

2. There is no website which class members can visit to obtain copies of the settlement agreement and pleadings, including Plaintiffs' forthcoming motion for attorney' fees. Instead, the notice requires class members to either contact class counsel, obtain a copy from ECF (for a fee), or visit the Clerk's Office in person. The Clerk's Office, however, is closed to the public, and class members should be able to easily obtain a copy of these documents for free. *See* https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.

3. The references to the settlement amount in the notice are not clear and do not consistently state that the employer's share of the taxes will be deducted from the total settlement amount.

4. The notice proposes to include the table listing each class member's pro rata share of the settlement. While it does not list an individual's last name, employees will still (at least in some cases) be able to determine what some of their former co-workers are receiving. In other notices the Court has approved the notice had the anticipated settlement amount for the class member to whom the notice was sent. Further, the Court is still unclear has to how the "pro rata" share was calculated. What is the formula used? Is it based on hourly pay, and if so, what is the calculation? Or is it some other formula?

5. In the section outlining the terms of the settlement, *see* Dkt. No. 58-2 at 5, it should indicate that class counsel "will seek" a certain amount for class representative payments and attorneys' fees, respectively, rather than use the "shall receive" language currently in the proposed notice.

6. The information regarding attorneys' fees is not clear. It does not indicate the actual

amount of attorneys' fees counsel intends to seek, does not clearly state that class members can object to the amount of attorneys' fees without objecting to the total settlement amount, and does not otherwise comply with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).

Plaintiffs shall file a supplemental submission which addresses the issues set forth above and clarifies how the pro rata payments are calculated by October 6, 2020.

**IT IS SO ORDERED.**

Dated: September 15, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3